SANTOS ROSADO, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 935. Submitted May 20, 1935.—Decided May 24, 1935.

The appellant did not appear. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

A document containing a mortgage contract was presented to the Registrar of Property of Aguadilla, who refused to record it, and the document not having been claimed by the person who presented it, it was sent by the registrar to this court in accordance with the Act governing appeals against the decisions of registrars of property of March 1, 1902 (Comp. Stat. 1911, secs. 2180–2190). The interested parties have failed to file briefs before us.

The document which was presented for record to the registrar of property was executed in the city and State of New York before a notary public authorized to act as such, and contains the creation of a mortgage upon an undivided interest in certain property.

The Acting Registrar of Aguadilla refused to record the mortgage, as appears from the notation placed upon such document, for the following reasons:

"Record of the foregoing document is denied because it is not one of those comprised in section 2 of the Mortgage Law and the corresponding article of the Regulations, because section 10 of the Civil Code provides that real property shall be subject to the laws of the country in which it is situated, and moreover because, in accordance with sections 2850 to 2853 of the Political Code dealing with the creation and appointment and powers of Commissioners of Deeds for Puerto Rico, this type of document must be executed before such Commissioner of Deeds for Puerto Rico; in lieu thereof a cautionary notice for 120 days is taken, for all the legal effects of such notice, at folio 229 of volume 75 of Aguadilla, property number 111 sextuplicate, annotation A, with the curable defect that the town in which the mortgage property is located is not stated."

There is no doubt that according to section 10 of the Civil Code real property is subject to the laws of the country in which it is situated, and that according to section 11 of the same code, the form and solemnities of contracts, wills, and other public instruments are governed by the laws of the country in which they are executed, unless they be authenticated by diplomatic or consular officers of

the United States abroad, in which case the formalities established for their execution by the laws of the United States shall be observed. The registrar did not deny the registration on account of a defect in the form of the document or because it does not comply with the laws of this country with respect to the creation of mortgages. The ground for his denial is that he believes that the mortgage in question ought to have been executed in New York before the Commission of Deeds for Puerto Rico in accordance with the provisions of sections 163 to 166 of the Political Code (Comp. Stat. 1911, secs. 2850–2853). It is provided in those sections that the Governor may appoint in each of the States and Territories of the United States, or in any foreign state, one or more commissioners, for a certain time; that every such commissioner shall have an official seal upon which shall appear his name, the words "Commissioner for Puerto Rico," and the name of the State or Territory and city or county in which he resides; that said commissioner may, in the State or Territory for which he has been appointed, administer and certify oaths, take depositions, affidavits, and acknowledgments of deeds and other instruments to be used or recorded in Puerto Rico, and the proof of such deeds when the grantor refuses to acknowledge the same; that all documents so certified by such commissioner under his official seal, shall be as effectual as if administered or taken and certified by the proper officers of Puerto Rico, and shall be received as evidence in all the courts of justice of Puerto Rico; and it is provided, finally, that such commissioners shall be allowed to collect certain specified fees.

In no part of that law is it said that the document in question ought necessarily to have been executed before the Commissioner of Deeds for Puerto Rico in the city and State of New York, and that for such reason the mortgage may not be recorded, an untenable position, since there is no such provision of law. In the case of *Rojas, Randall & Co.* v. *Registrar,* 27 P.R.R. 20, we had under consideration a

document involving a transfer of real property executed in New York before a notary of that city, who was not the Commissioner of Deeds for Puerto Rico, and we ordered the registration of the document. In another case, *Negrón* v. *Registrar*, 34 P.R.R. 753, the registrar refused to record because the document was executed before the Commissioner of Deeds for Puerto Rico in New York, and we directed the registration to be made, stating that a deed or a power of attorney executed before a Commissioner of Deeds for Puerto Rico in the State of New York, if not otherwise subject to objection, is just as effectual for registration in this island as though it had been executed before a notary public, either here or elsewhere.

█ As to the curable defect noted by the registrar for failure to state in the document the town in which the mortgaged property is located, it seems to us that this ought not to be allowed to stand, since in order to enter, as he did, his refusal to record on property number 111, sextuplicate, in volume 75 of Aguadilla, the registrar had to know the town in which the mortgaged property is located.

The decision appealed from must be reversed and the registration of the document ordered, without the defect noted by the registrar.